**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EDUARDO HERRERO,

        Plaintiff,

v.                                          Case No. 8:22-cv-2240-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

## **OPINION AND ORDER**[2]

### **I.   Status**

Eduardo Herrero ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of back and sciatica problems, epilepsy, memory loss, asthma, sinus issues, and loss of consciousness.

---

[1]    Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 8), filed December 22, 2022; Order (Doc. No. 15), entered April 27, 2023.

Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed December 22, 2022, at 127-28, 144-45, 166, 183, 343.[3]

On April 21, 2016, Plaintiff protectively filed the DIB and SSI applications, alleging a disability onset date of March 30, 2016. Tr. at 312-18 (DIB).[4] The applications were denied initially, Tr. at 127-43, 161, 163, 208-12 (DIB), 144-60, 162, 164, 213-17 (SSI); and upon reconsideration, Tr. at 165-81, 199, 202, 227-33 (DIB), 182-98, 200, 201, 220-26 (SSI).

On May 7, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel; a vocational expert ("VE"); and Plaintiff's wife.[5] See Tr. at 100-26. On July 17, 2018, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. See Tr. at 22-34. Plaintiff requested review of the ALJ's decision. Tr. at 5-6 (Appeals Council Exhibit List and Order), 305-08 (request for review). On April 26, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's decision the final decision of the Commissioner.

---

[3] Many of the administrative documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4] The SSI application was not located in the administrative transcript. The protective filing date for both applications is listed in the administrative transcript as April 21, 2016. See, e.g., Tr. at 127, 166 (DIB), 144, 183 (SSI).

[5] Plaintiff's primary language is Spanish, so the hearing was interpreted for him. Tr. at 100, 104.

Plaintiff appealed the Commissioner's final decision to this Court. On October 8, 2020, this Court entered a Memorandum Opinion and Order reversing and remanding the Commissioner's final decision with instructions to "fully develop the record as to Plaintiff's literacy and ability to communicate in English." Tr. at 946-60, 958; see also Tr. at 961-62 (Judgment).

On remand, the Appeals Council on October 23, 2020 remanded the matter back to the ALJ consistent with the Court's instructions. Tr. at 967. The Appeals Council noted that Plaintiff had filed another application for SSI on October 11, 2019, so the ALJ was directed to consolidate the claims and issue one decision on the claims. Tr. at 967; see Tr. at 927-44, 945, 970, 1058-64 (administrative documents on newly-filed claim). The ALJ held a hearing[6] on March 15, 2021. Tr. at 860-84. The ALJ issued a Decision on April 8, 2021 finding Plaintiff not disabled through the date of the Decision. Tr. at 836-49.

Plaintiff sought review of the Decision by the Appeals Council and submitted a letter and additional medical evidence. Tr. at 793-94 (Appeals Council exhibit list and Order), 797 (letter), 798-829 (evidence). On July 27, 2022, the Appeals Council declined to assume jurisdiction, Tr. at 789-92, so the ALJ's Decision became the final decision of the Commissioner. On September

---

[6] This hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the earlier stages of the COVID-19 pandemic. Tr. at 863, 1086-91, 1094-99, 1132. An interpreter was once again utilized. Tr. at 860.

30, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as the issue: "whether the [ALJ's] Decision was in error in failing to address [Plaintiff's] condition of sleep apnea in connection with [his] complaints of daytime somnolence." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 13; "Pl.'s Mem."), filed January 23, 2023, at 4 (emphasis and capitalization omitted). On February 15, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 14; "Def.'s Mem.") addressing the issue. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[7]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 838-48. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since March 30, 2016, the alleged onset date." Tr. at 838 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease; seizure disorder; unspecified neurocogn[itive] disorder; pulmonary disorder variously diagnosed to include asthma, emphysema, and chronic obstructive pulmonary disease (COPD); obesity; and depressive disorder." Tr. at 839 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 839 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except: [Plaintiff] is limited to never climbing ladders, ropes, or scaffolds; occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; avoiding even moderate exposure to hazards; understanding, remembering, carrying out, and performing simple, routine tasks and instructions, with reasoning level 1 or 2; occasional interaction with the public and supervisors; and occasional changes in the work setting.

Tr. at 841 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as an "Automobile mechanic," an "Asst. automobile mechanic," a "Building maintenance worker," an "Automobile salvager," a "Truck loader," and a "Horticultural worker I." Tr. at 846-47 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("48 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 847 (some emphasis and citation omitted), such as "Small products assembler," "Electronics worker," and "Hospital cleaner," Tr. at 848. The ALJ concluded Plaintiff "has not been under a disability . . . from March 30, 2016, through the date of th[e D]ecision." Tr. at 848 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff contends the ALJ erred in failing to recognize or address his condition of sleep apnea. Pl.'s Mem. at 4-7. According to Plaintiff, the record contains diagnoses and associated symptoms of the condition, but the ALJ overlooked this evidence. Id. Responding, Defendant alleges that Plaintiff "never received any sort of treatment for his sleep apnea" and that Plaintiff's pulmonary records do not show respiratory abnormalities. Def.'s Mem. at 5. Further, argues Defendant, the ALJ found Plaintiff "significantly limited . . . due to his other impairments" that "are far beyond what is indicated by the limited record relating to his sleep apnea" so Plaintiff "has not established any error worthy of remand." Id. at 5 (citations omitted).

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20

C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary,

it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the Decision makes clear the ALJ was not aware of Plaintiff's sleep apnea. The ALJ wrote that Plaintiff claimed disability based upon "pneumonia, back problems, epilepsy, asthma, sinus problems, loss of consciousness, and memory loss." Tr. at 841 (citation omitted). Plaintiff, however, alleged during the March 15, 2021 hearing through counsel that his "ongoing breathing problems . . . impact his ability to get restorative sleep." Tr. at 866. Moreover, Plaintiff testified that his "doctors prescribed [him] a machine to sleep, but now they even prescribed me a machine that gives me oxygen. I have to have it on all the time." Tr. at 868. As to his daytime sleepiness, when asked if he falls asleep during the day, Plaintiff stated, "No. Sometimes what happens is that I fall asleep while I'm sitting." Tr. at 871.

In making the step two findings, the ALJ did not recognize Plaintiff's sleep apnea or address it in any way. See Tr. at 839. Nor did the ALJ discuss sleep apnea elsewhere in the Decision, [8] despite the medical evidence documenting diagnoses of sleep apnea, daytime hypersomnolence, and documented complaints of fatigue. See, e.g., Tr. at 1457, 1549, 1556, 1568, 1571, 1574, 1577, 1677, 1682, 1687, 1700, 1702, 1705, 1708, 1711, 1714, 1717 (fatigue), 1554 ("Very sleepy all the time"), 1536, 1542, 1550, 1557, 1678, 1683, 1688 (notes to follow up with sleep study), 1569, 1572, 1575, 1578-79, 1581-82, 1661, 1663, 1667, 1701, 1704, 1706, 1709-10, 1711, 1713, 1715, 1718 (diagnoses of daytime hypersomnolence and snoring), 1642, 1649, 1705, 1711 (diagnosis of chronic obstructive sleep apnea).[9] Moreover, the administrative transcript reflects that Plaintiff underwent a sleep study, Tr. at 820, 1655, and confirms Plaintiff's allegation that he was prescribed a machine to help him sleep, Tr. at 822.[10] The ALJ's election not to discuss or assign any work-related limitations in the RFC based upon the sleep apnea impairment cannot be upheld as

---

[8] The ALJ did observe, generally, that sleep apnea can be a side effect of obesity. Tr. at 844. The ALJ also recognized Plaintiff's other pulmonary issues. Tr. at 839-44.

[9] Some of these records are duplicated.

[10] The citation here is to a Pulmonary Residual Functional Capacity Questionnaire completed by Plaintiff's pulmonologist, Leonard Cosmo, M.D., on April 26, 2021. Tr. at 820-26. This post-dates the ALJ's April 8, 2021 Decision by less than three weeks. Although the ALJ obviously did not have the benefit of this Questionnaire (it was submitted to the Appeals Council), it is nonetheless indicative of the diagnosis, treatment, and related functional limitations associated with Plaintiff's sleep apnea and pulmonary issues.

supported by substantial evidence. The matter must be reversed and remanded for consideration of Plaintiff's alleged impairment of sleep apnea.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)   Consider Plaintiff's impairment of sleep apnea and its effects, if any, on Plaintiff's ability to work; and

(B)   Take such other action as may be necessary to resolve these claims properly.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 20, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record