**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDUARDO HERRERO,

        Plaintiff,

v.                                         Case No. 8:22-cv-2240-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

        Defendant.
_____/

## O R D E R

This cause is before the Court on Plaintiff's Unopposed Petition for Attorney Fees (Doc. No. 19; "Petition"), filed May 7, 2024. In the Petition, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $2,972.41. Petition at 1, 3. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 2.

Plaintiff's counsel indicates a total of 12.25 hours were expended in the representation of Plaintiff before the Court: 2.5 hours in 2022 and 9.75 hours in 2023. Id. at 3; see id. at Ex. A (attached Time Entry). Plaintiff requests an hourly rate of $234.95 for hours expended in 2022 and $244.62 for hours expended in 2023. Id. at 3. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. §

2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees.[1] Further, the number of hours expended is reasonable.

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. Petition at 3, Ex. B (Assignment of EAJA Fees). Plaintiff represents as follows regarding the assignment:

> [A]fter the Court issues an Order awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a debt to the government. Any payments shall be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt[,] the government will accept [] Plaintiff's assignment of EAJA form and pay fees directly to Plaintiff's counsel.

Petition at 3.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for Attorney Fees (Doc. No. 19) is **GRANTED**.

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited June 7, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $2,972.41 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on June 7, 2024.

JAMES R. KLINDT  
United States Magistrate Judge

kaw  
Copies to:  
Counsel of Record